To: SDNY; US Courthouse, 500 Pearl St., New York, NY 10007;
**HON. Analisa Torres**, US District Judge;
**HON. Jennifer Willis**, US Magistrate Judge

From: **Sanjay Tripathy,** (ProSe Plaintiff), Morrisville, NC 27560;

Date: Tuesday, March 24th, 2026;

Subject: *Tripathy v. City of New York et al.*, Case No. 1:25-cv-06465-AT-JW
**Filing of First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)**

Dear Judge Torres and Judge Willis:

Plaintiff Sanjay Tripathy, proceeding pro se, respectfully submits this letter in connection with the filing of his First Amended Complaint in the above-captioned matter.

Right to Amend as a Matter of Course

Plaintiff files the attached First Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). No responsive pleading or motion under Rule 12(b), (e), or (f) has been served by any Defendant. Accordingly, Plaintiff may amend his pleading once as a matter of course. No leave of court is required.

Nature of the Amendments

The First Amended Complaint makes the following categories of changes to the original Complaint (Dkt. No. 1):

**1. Correction of Typographical Errors.** Paragraphs 101 and 117 of the original Complaint erroneously referred to “Mr. Kendrick” instead of “Mr. Tripathy.” These errors have been corrected.

**2. Clarification of Key Dates and Procedural History.** The First Amended Complaint adds specific factual allegations regarding the formal dismissal of Indictment 2720-2016 on April 11, 2024, and the simultaneous entry of the Superior Court Information plea (SCI 71584/24) on the same date. These allegations clarify the favorable termination element for the malicious prosecution claims and delineate the original indictment from the SCI as separate proceedings.

**3. Additional Factual Allegations Regarding the SCI Plea.** The First Amended Complaint adds allegations regarding the medical evidence from the 2018 trial that contradicts the "serious physical injury" element required for Assault in the Second Degree (PL 120.05(1)), the charge to which Plaintiff pled under the SCI. These allegations support the claims that the SCI plea was based on false material evidence and was the product of the same course of prosecutorial misconduct as the original prosecution. The First Amended Complaint also alleges the filing of a PCJU petition on January 21–22, 2026 challenging the SCI conviction.

**4. Addition of Two New Causes of Action.** The First Amended Complaint adds a Tenth Cause of Action for Conspiracy to Deprive Civil Rights under 42 U.S.C. § 1985(3), and an Eleventh Cause of Action for violation of the First Amendment Free Exercise Clause under 42 U.S.C. § 1983. No new Defendants are named. The conspiracy claim addresses the coordinated conduct between Defendant Risdal (a private citizen) and the state-actor Defendants, providing a federal statutory basis for reaching Defendant Risdal's pre-testimony conduct. The Free Exercise claim provides an independent constitutional basis for the religious liberty allegations previously asserted solely under RLUIPA.

**5. Strengthened RLUIPA Allegations.** The Ninth Cause of Action (RLUIPA) has been supplemented with more specific factual allegations regarding the particular Hindu religious tenets at issue and the coercive nature of the plea allocution.

**6. Tolling and Accrual Allegations for State-Law Claims.** The First Amended Complaint adds allegations regarding the continuing-wrong doctrine and equitable tolling to address the timeliness of the state-law claims (First and Second Causes of Action).

**7. Strengthened Monell Allegations.** The Seventh Cause of Action has been supplemented with additional factual detail regarding the structural failures at the Manhattan DA's Office, including specific reference to the Second Circuit's decision in *Cosey v. Lilley*, 62 F.4th 74 (2d Cir. 2023), which addressed similar NYCDAO misconduct.

No Prejudice to Defendants

The amendments do not add new Defendants or fundamentally alter the nature of the action. They correct errors, add factual detail, and refine legal theories based on the same underlying facts. All amendments arise from the same nucleus of operative facts as the original Complaint. No Defendant has yet filed a responsive pleading or motion. Accordingly, no Defendant will be prejudiced by the filing of the First Amended Complaint.

Service

Plaintiff will serve the First Amended Complaint on all Defendants and counsel of record in accordance with Fed. R. Civ. P. 5(b). A copy will be served on Gregory J.O. Accarino, Esq., counsel for the City of New York, via

ECF. Copies will be served on individual Defendants once counsel appears , via ECF. Mette Risdal will be served based on Court's instructions.

Respectfully Submitted,
/s/ Sanjay Tripathy
Sanjay Tripathy
ProSe Plaintiff

*cc: Gregory J.O. Accarino, Esq. (via ECF);*

*All individual Defendants (once their counsel appears via ECF; Note Waiver of Service filed on the Docket);*

*Mette Risdal (to be served per Court's guidance; Dkt. #27 pending request for alternative service);*

# CERTIFICATE OF SERVICE

I, Sanjay Tripathy, certify that on Tuesday, March 24th, 2026, I electronically uploaded - *Tripathy v. City of New York et al.*, Case No. 1:25-cv-06465-AT-JW **Filing of First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)** with the United States District Court for the Southern District of New York via the CM/ECF system, which sends an automatic notification to Defense Counsel(s). This complies with SDNY ProSe electronic filing and service procedures.

Respectfully Submitted,
/s/ Sanjay Tripathy
Sanjay Tripathy
ProSe Petitioner/Plaintiff