**Notice of Omnibus Motion by Defendant, dated July 26, 2016**
**[pp. A274 - A275]**

7/13

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM - PART 51
--------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

**NOTICE OF MOTION**
**Indictment No. 2720/2016**

-against-

SANJAY TRIPATHY,

Defendant.
--------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed affirmation of **Alex Spiro, Esq.**, duly affirmed on the 26th day of July, 2016, upon the indictment and upon all those proceedings previously had herein, Defendant **Sanjay Tripathy**, by undersigned counsel, will move this court at the Courthouse, 100 Centre Street, New York, New York, before the Hon. Michael Obus, at a date and time to be fixed by the Court, for respective orders,

a) Pursuant to CPL §§210.20(1)(b), (1-a); and 210.30, inspecting the Grand Jury minutes herein and dismissing or reducing relevant counts of the indictment as not supported by legally sufficient evidence;

b) Pursuant to CPL §§210.20(1)(c) and 210.35, dismissing the indictment herein on various grounds of defective grand jury proceedings;

c) Suppressing any and all physical evidence recovered from the defendant, and any other tangible or testimonial fruits of the illegal seizure and search of the defendant, or, in the alternative, directing the holding of a Payton/Mapp/Dunaway hearing, pursuant to C.P.L. §§ 710.20(1) and 710.60;

d) Suppressing any and all testimony regarding any identifications of the defendant, and any other tangible or testimonial fruits of the illegal seizure and search of the defendant, or, in the alternative, directing the holding of a Wade/Dunaway hearing, pursuant to C.P.L. §§ 710.20(6) and 710.60;

e) Pursuant to CPL Article §710 and §255.00, suppressing tangible and

electronic evidence obtained pursuant to the execution of a search warrant; and granting such other and further relief as to the Court seems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that Defendant reserves the right to make such further motions pursuant to CPL 255.20 (2) & (3) as may be necessitated by the Court's decision on the within motion and by further developments which, even by due diligence, Defendant could not now be aware.

Dated: New York, New York
July 26, 2016

Yours, etc.

BRAFMAN & ASSOCIATES PC
*Attorneys for Defendant*
***SANJAY TRIPATHY***
767 Third Avenue, 26th Floor
New York, New York 10017
(212) 750-7800

By: ______________________
**ALEX SPIRO**

To: Clerk of the Court
Hon. Michael Obus

ADA Kristen Baraoila

**Request for a Bill of Particulars and Discovery, dated July 25, 2016**
**[pp. A301 - A315]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM
----------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff,

- against-

SANJAY TRIPATHY,

Defendant.
----------------------------------------------------------------------x

REQUEST FOR A BILL OF PARTICULARS & DISCOVERY

Case No. 2016NY037832

**PLEASE TAKE NOTICE** that, pursuant to CPL §200.95, CPL §240.20, Brady v. Maryland, 373 U.S. 83 (1963), and CPL § 210.30(3), you are hereby requested to serve upon the undersigned, and file with the Court within fifteen (15) days of this request, or as soon thereafter as is practicable, a Bill of Particulars specifying the following items of factual information, and the further discovery requested. It is noted that the specific items herein requested are not recited in the indictment, which lacks specificity and is conclusory in nature. Without this information, Defendant cannot adequately prepare for trial and/or conduct his defense, since he will lack adequate notice of the precise charges that have been brought against him.

**I. Bill Of Particulars**

**A. With respect to each and every count of the accusatory instrument, state whether:**

1. The prosecution intends to prove that the defendant acted as principal, or as accomplice, or as both.
2. If the prosecution intends to prove that the defendant acted as an accomplice, then set forth separately the conduct.
3. Describe the substance of Defendant's alleged conduct.
4. State the names, addresses, and birth dates of any persons with whom the defendant is alleged to have acted in concert, whether such persons were arrested, and, if arrested, the docket numbers of their cases.

5. State the exact date and time of each alleged incident, and, if more than one incident is alleged, state their sequence.

6. Identify the alleged victim.

7. State the exact location of each alleged incident, including any and all identifying landmarks.

**B. With respect to the charges of P.L. § 130.50(1), Criminal Sexual Act in the First Degree and Sexual Abuse in the First Degree, state:**

1. The exact time(s) and place(s) of the alleged interaction between the defendant and the complainant, including any and all identifying landmarks.
2. An exact description of the alleged interaction between the defendant and the complainant, including, but not limited to:

    a) The exact manner in which the defendant is alleged to have engaged in forcible compulsion of the complainant, the specific acts by which this was accomplished; the words, if any used, the instrument or device, if any, used to do so, the number of times he allegedly did so, and the exact time(s) that this occurred;
    b) Whether the defendant is alleged to have simultaneously engaged in oral sexual contact/vagina and anus penetration while engaging in forcible compulsion, and, if so, exactly how and when;
    c) The exact theory of whether any of the sexual contact between the defendant and complainant was consensual and not by forcible compulsion and at what point the activity turned non-consenual and/or forcible;
    d) Whether the complainant is alleged to have received any medical treatment as a result of these incidents, and, if so, the exact nature of any such treatment, and duration and location of any such hospitalization;
    e) Which incident(s) is/are alleged to have occurred first and/or second, the chronology of such incidents, and whether it is alleged

that both vagina and anus penetration occurred;

3. The exact conduct of, and any statements made by, the complainant immediately prior to, during and subsequent to the alleged incidents;
4. Whether the defendant is alleged to have made any statements immediately prior to, during or subsequent to the alleged incidents, and, if so, the exact content, time and place of such statements and to whom they were made;
5. Identify the alleged victim.

**C. With respect to the charges of P.L. § 121.12, Strangulation in the Second Degree and P.L. § 120.05(6), Assault in the Second Degree, state:**

1. The exact time(s) and place(s) of the alleged interaction between the defendant and the complainant, including any and all identifying landmarks.
2. An exact description of the alleged interaction between the defendant and the complainant, including, but not limited to:
    a) The exact manner in which the defendant is alleged to have engaged in strangulation and assault, the specific acts by which this was accomplished; the words, if any used, the instrument or device, if any, used to do so, the number of times he allegedly did so, and the exact time(s) that this occurred;
    b) Whether the defendant is alleged to have simultaneously engaged in both acts or that they are alleged to have happened subsequent to one another, and if so, which order or events;
    c) Whether it is alleged that the complainant suffered stupor or loss or consciousness, and if not, what is the alleged physical injury the complainant suffered
    d) Whether the complainant is alleged to have received any medical treatment as a result of these incidents, and, if so, the exact nature of any such treatment, and duration and location of any such hospitalization;
    e) Whether it is alleged that physical contact occurred without the complainant's consent;
    f) As to the Assault charge, which felony is this to alleged to have been in

furtherance of and the theory by which it was in the flight therefrom.

3. The exact conduct of, and any statements made by, the complainant immediately prior to, during and subsequent to the alleged incidents;
4. Whether the defendant is alleged to have made any statements immediately prior to, during or subsequent to the alleged incidents, and, if so, the exact content, time and place of such statements and to whom they were made;
5. Identify the alleged victim and please describe the precise physical injuries said individual suffered.

**D. With respect to the charge of P.L. § 135.05, Unlawful Imprisonment in the Second Degree, state:**

1. The exact time(s) and place(s) of the alleged interaction between the defendant and the complainant, including any and all identifying landmarks.
2. An exact description of the alleged interaction between the defendant and the complainant, including, but not limited to:
    a) The theory of whether or not the complainant entered the location voluntarily
    b) The theory of whether or not the complainant entered the hotel room at the location voluntarily
    c) The theory by which the complainant attempted to escape the hotel room or actions she took inconsistent with voluntary remainder

**E. With respect to the arrest of the defendant, state the following:**

1. The exact time at which the defendant was first observed by police officers on the date of the alleged offense;
2. The exact location of the police officer(s) who first observed the defendant, including any and all identifying landmarks;
3. The exact time and location at which the defendant was first detained and/or taken into custody by police officers;
4. The reason that the police detained the defendant and/or took him into custody;
5. The exact time and location, including any and all identifying landmarks, at which the defendant was formally placed under arrest;

6. Whether there was probable cause to arrest the defendant and the basis of any such probable cause, including, but not limited to, whether the arresting officer had first-hand knowledge of the commission of the alleged crime.

## II. Demand to Produce

Pursuant to C.P.L. § 240.20 defendant demands that you produce for inspection, photographing, copying or testing, the following items:

1. Any written, recorded or oral statements of the defendant, or of any alleged co-defendant, made, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under such public servant's direction or in cooperation with him or her, regardless of whether the prosecution intends to offer such statement at trial and regardless of whether such statement was made under a promise of full or partial immunity.

2. Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of, a public servant engaged in law enforcement activity, or which was made by a person whom the prosecution intends to call as a witness at trial, or which the prosecution intends to introduce at trial, including any and all reports of psychiatric treatment received by the complaining witness(es).

3. Any photograph or drawing relating to the criminal action or proceeding which was made or completed by a public servant engaged in law enforcement activity, or which was made by a person whom the prosecution intends to call as a witness at trial, or which the prosecution intends to introduce at trial.

4. Any other property obtained from the defendant, or a co-defendant to be tried jointly.

5. Any audiotapes, videotapes, or other electronic recordings which the prosecutor intends to introduce at trial or has in their possession, irrespective of whether such recording was made during the course of the criminal transaction.

6. The approximate date, time, place and circumstances of each charged offense and of defendant's arrest, including, but not limited to, the information requested in Request for a Bill of Particulars above.

7. Any statement allegedly made by the defendant or co-defendant concerning the alleged criminal incident, prior to, during or subsequent to the alleged criminal incident, whether exculpatory or inculpatory, to any person, other than as described in C.P.L. § 240.20(1)(a), and the name and address of any such person.

8. If any statements exist under paragraph 7 above, whether Miranda warnings were given to the defendant or co-defendant, as the case may be, and, if so, by whom, when, where, and in what manner.

9. The exact time(s) and date(s) when, and manner in which, and by whom, the police were apprised of the alleged crimes, including, but not limited to, any complaint made to the police, 911 call, walk-in, "Crime Stoppers" call, or tip, and including the name and address of any and all such persons giving such information.

10. Whether an informant was used in this case, and, if so, the informant's name and address, whether the informant has received or expects to receive any payment for his or her services, whether such informant is a confidential informant with a registered I.D. Number, specifying such I.D. Number, whether such informant has given information in the past, specifying such information and to whom such information was given on each occasion, and the exact information received from such informant in the instant case, specifying when, by whom, and the manner in which it was received.

11. The names, shield numbers, and assignments of any and all police officers and/or law enforcement personnel present at the time and place of the defendant's detention and formal arrest. See People v. Wanda Harris, N.Y.L.J., January 2, 1992, p.22, col.3 (Crim. Ct. N.Y. Co.) (Kluger, J.).

12. Whether the arresting officer or any other law enforcement official had the defendant or co-defendant under observation prior to the arrest, and, if so, for how long a period of time, the reason for such observation, and the name and shield number of any such officer or official.

13. Any and all police department reports, memoranda, or records prepared in connection with the investigation of the crime charged, and the arrest of the defendant, including, but not limited to, those made by the New York City Police Department.

14. A list of the names, addresses and birth dates of any and all prospective prosecution witnesses, prior to trial. See People v. Rivera, 119 A.D.2d 517, 501 N.Y.S.2d 38 (1st Dep't 1986); People v. Arthur, 175 Misc.2d 742, 673 N.Y.S.2d 486 (Sup. Ct., N.Y. Co. 1997); People v. Arrellano, 150 Misc.2d 574, 569 N.Y.S.2d 574 (Crim. Ct., N.Y. Co. 1991).

15. Whether any person identified, or failed to identify, the defendant or co-defendant, or identified another as the perpetrator of the alleged crimes, and the exact time, date, place and manner of any such identification or non-identification, including, but not limited to, a single photograph, a photographic array, a show-up, or a line-up, and the name and address of any such person, whether or not the prosecution intends to call that person as a witness at trial.

16. Whether any search was conducted of the defendant or co-defendant or any property or automobile in connection with this case, and, if so, the exact date, time, place and manner of any and all such searches, the basis for such search, including, but not limited to, a warrant, reasonable suspicion, probable cause, or exigent circumstances, a complete list of all items seized during any such search, and the names, addresses and birth dates of any and all persons present at any such searches.

17. Any and all specific instances of the defendant's prior charged or uncharged criminal, vicious, or immoral conduct of which the prosecution has knowledge and which the prosecution intends to use at trial.

18. A written list of the names, addresses and qualifications of any and all experts the prosecution intends to call as witnesses at trial, together with all reports prepared by such experts or, if reports have not been prepared, a brief description of the opinion and subject matter of the opinion to which each will testify.

19. Anything required to be disclosed, prior to trial, to the defendant by the prosecution, pursuant to the constitution of this state or of the United States, including, but not limited to, the following:

a. Pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.E.2d 104 (1972), all evidence or information in the prosecution's possession, custody or control that may tend to exculpate the defendant or impeach any person whom the prosecution intends to call as a witness at any pre-trial hearing or at trial (hereinafter "prospective prosecution witness"), including, but not limited to, the following:

1) All records and information revealing prior convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets," of any prospective prosecution witness;
2) Whether any prospective prosecution witness has been incarcerated in a federal, state or local correctional facility, and, if so, the prison records of such witness;
3) A complete statement of any and all criminal cases currently known by the prosecution to be pending against any prospective prosecution witness, regardless of whether such cases are the subject of promise, regard or inducement, including their NYSID number(s), pursuant to People v. Torres, 201 A.D.2d 294, 607 N.Y.S.2d 303 (1st Dep't 1994); People v. Santiago, 138 A.D.2d 327, 526 N.Y.S.2d 456 (1st Dep't 1988);

4) A complete statement of any and all regulatory, licensing or other governmental or quasi-governmental proceedings now pending, closed, discontinued, settled or completed against any prospective prosecution witness;

5) A complete statement of any and all criminal conduct of which the prosecution has knowledge that has been committed by any prospective prosecution witness concerning which there has been no conviction, regardless of whether these crimes are the subject of a promise, reward or inducement, and regardless of whether these crimes are the subject of a pending criminal charge;

6) A complete statement of any consideration or promises of consideration given or offered during the course of the investigation and preparation of this action by any law enforcement officials, including prosecutors, police or informers, to any prospective prosecution witness, or to anyone assisting in the investigation leading up to the instant action, or any such consideration or promise of consideration expected or hoped for by any such person, including, but not limited to:

i) leniency, immunity, favorable treatment or recommendations with respect to any past, pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, forfeiture, immigration, licensing or other matter involving local, state or federal government or quasi-governmental authority;

ii) relief from forfeiture, payments of money, rewards, fees, witness fees or special witness fees;

iii) provisions of food, clothing, transportation, legal services or other benefits;

A311

iv) placement in a "witness protection program";

v) letters to anyone informing the recipient of the witness's cooperation;

vi) recommendations concerning federal or state aid or benefits;

vii) recommendations concerning licensing, certification or registration;

viii) promises to take affirmative action to help the status of the witness in a profession, business or employment situation or promises not to jeopardize such status;

ix) aid or efforts in securing or maintaining the business or employment of a witness;

x) anything else that arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against the defendant, or could act as an inducement to testify, or could color the witness's testimony (see People v. Grice, 188 A.D.2d 397, 591 N.Y.S.2d 380 (1st Dep't 1992);

7) A complete statement of any and all threats, whether express or implied, direct or indirect, or other coercion directed against any prospective prosecution witness, including, but not limited to, criminal prosecutions, forfeiture actions, or investigations; the probationary, parole, deferred prosecution or custodial status of any such witness; and any civil, tax court, court of claims, administrative, immigration, or other pending or potential legal disputes or transactions involving any such witness and the state or federal government or over which the state or federal government has real, apparent or perceived influence;

8) A copy of any and all medical and psychiatric reports or information, or records of hospitalization, including any history of alcoholism or substance abuse, known to the prosecution or that can reasonably become known to the prosecution concerning any prospective prosecution witness that arguably pertain to the witness's credibility or ability to perceive, comprehend or recall

events;

9) Any written or oral statements made by any prospective prosecution witness that in any way contradict or are inconsistent with other written or oral statements he or she has made, and any such statements made by any person, whether a prospective prosecution witness or not, that in any way contradict or are inconsistent with such statements made by a prospective witness;

10) The same records and information specified in subparagraphs (1) through (9) with respect to each non-witness declarant whose statements will be offered in evidence at any pretrial hearing or at trial; and

11) Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this action, including all such records from any governmental agency for which the witness previously worked.

b. Pursuant to People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448 (1961), any and all prior statements, complete and without any redaction, of any prospective prosecution witness.

**III. Discovery Related to the Search Warrant(s)**

20. With respect to the search warrant executed on the defendant's room/electronic devices, provide the following:

a. Copies of each and every affidavit submitted in support of the applications for each and every search warrant executed. The affidavits should not be redacted in any manner absent a motion for a protective order setting forth the grounds for such an order and the grant of such a protective order pursuant to CPL § 240.50.

b. State whether any of the affidavits described in paragraph 1 above contain any information provided by a "confidential informant" or "cooperator." The terms "confidential informant" and "cooperator" should be given their broadest possible meaning and should be interpreted to include any civilian providing information to or assisting the police, the District Attorney's Office or any

other law enforcement agency in return for any type of consideration, including but not limited to monetary consideration or consideration regarding a pending criminal matter of the "confidential informant" or "cooperator" or any other person. In addition, we request that the government provide any stenographic minutes of any proceeding in which such a witness had a pending criminal case dismissed.

c. Provide a copy of any and all written agreements between any law enforcement agency and any "confidential informant" or "cooperator." State whether any oral promises or agreements have been entered into with any "confidential informant" or "cooperator." If so, state the nature and substance of such oral promises or agreements.

d. If the response to paragraph 2 above is in the affirmative, state whether the "confidential informant" or "cooperator" gave sworn testimony in support of the application for any of the search warrants, which search warrant application the testimony was given in support of and provide a transcript of such sworn testimony.

e. A full and complete inventory of items seized pursuant to each and every search warrant.

f. State whether any of the computers and/or any other type of electronic device seized during the execution of the search warrants have undergone any type of testing, analysis or examination. State whether such testing, analysis or examination was performed pursuant to a search warrant specifically authorizing such testing, analysis or examination. If so, provide a copy of the search warrant and the affidavit submitted in support of the application for said search warrant. If any of the computers have undergone any such testing, analysis or examination, state the nature of the testing, analysis or examination performed and provide a copy of the results of such testing, analysis or examination. If any documents or files have been retrieved or removed from any of the computers, provide copies of such files or documents.

g. Copies of any and all documents seized during the execution of any and all search warrants including but not limited to any financial records.

**IV. Grand Jury Discovery**

20. With respect to the Grand Jury Presentation provide the following:

a. Copies of any and all documents, videos, recordings, or reports introduced as evidence in any and all Grand Jury proceedings relating to this action.

b. A copy of the Grand Jury testimony pursuant to CPL § 210.30(3)1.

c. A copy of the legal instructions given to the Grand Jury which are not covered by Grand Jury secrecy law.

**V. Exhibit List**

21. With respect to the Exhibits the People intend to introduce at trial the defense requests a non-binding, tentative exhibit list which sets forth those exhibits the People anticipate offering at trial.

1 Attomey Gen. v. Firetog, 94 N.Y.2d 477, 482-83 (2000); People v. Manfro, 3/26/91 N.Y.LJ. 26 (Queens Co. Ct.) ("release at this time of the Grand Jury minutes is necessary to assist [the Court] in coming to grips with the various contentions raised by the defendants in their motions to dismiss"). See Marks, et al., New York Pretrial Criminal Procedure, § 5.27 ("the prosecution should be required to make a particularized showing why disclosure ... would cause harm").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPL §200.95(4), any refusals to comply with this request, as it pertains to the Bill of Particulars, as well as the grounds therefore, should be made in writing within fifteen (15) days of this request or as soon thereafter as is practicable.

Dated: New York, New York
July 25, 2016

Yours etc.,

**BRAFMAN & ASSOCIATES, P.C.**
***Attorneys for Defendant***
767 Third Avenue, 26th Floor
New York, New York 10017
(212) 750-7800

**Alex Spiro**

**Specific Brady Request, dated July 20, 2016**
**[pp. A316 - A317]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 51
-----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK :

- against -

SANJAY TRIPATHY,
Defendant.
-----------------------------------------------------------------X

Specific Brady Request

Ind No. 02720-2016

The defendant is requesting any and all material in possession of the New York County District Attorney's Office, along with the New York City Police Department, or any other related agency, tending to exculpate the defendant of charges contained in the above entitled case. In particular, the defendant, upon information and belief, believes the complaining witness made statements to law enforcement and/or members of the District Attorney's Office and/or related parties that tend to support the defense position that the complainant worked as a prostitute/escort. Therefore, defendant demands statements made by the complaining witness either orally or contained in written notes or reports, stating (1) whether or not she has ever exchanged sexual intercourse or other intimate activity for financial gain, or, (2) whether she did so in this case, (3) any statement in which the complainant failed to mention such behavior, and (4) how much US currency the complainant possessed when she first interacted with law enforcement or medical personnel.

Pursuant to C.P.L. §§240.20 and 240.80(3), and Brady v. Maryland, 373 U.S. 83 (1963), the defendant Demands that the information, along with the reports, be turned over to the defendant

immediately. ***Despite the serious nature of this issue, we believe that the People failed to disclose this information to the Grand Jury.***

The defense further Demands, upon information and belief, that any and all information pertaining to the complainant's psychological history, along with prior inconsistent statements, be turned over to the defense immediately. People v. Rensing, 14 N.Y.2d 210, 213-14 (1964); People v. Raja, 77A.D.2d 322 (2nd Dept. 1980); See People v. Carrion, 54 A.D.2d 884 (1st Dept. 1976). In addition, the defense Demands that the complainant's use of intoxicating substances, including alcohol and authorized along with non-authorized substances, be disclosed to the defense as it bears directly on the complainant's ability to inculpate the defendant. People v. Freeland, 36 N.Y.2d 518, 525 (1975).

Finally, we further demand any and all other discovery not specifically requested to date.

Dated: NEW YORK, NEW YORK

July 20, 2016

ALEX SPIRO
**Brafman & Associates, P.C.**
Attorney for the Defendant
767 Third Avenue
New York, New York 10017
(212) 750-7800

TO: Clerk of Court

District Attorney of New York County