**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
**ONE HOGAN PLACE**
**New York, N. Y. 10013**
**(212) 335-9000**

**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

January 17, 2017

Judge Michael Obus
Supreme Court of New York County
Part 51
100 Centre Street
New York, NY 10013

Re: People v. SANJAY TRIPATHY
Indictment No. 02720/2016

Dear Judge Obus:

Enclosed please find subpoenaed material from the dating website Seeking Arrangement for the Court's in camera review. The enclosed material contains communications between the defendant and the complaining witness, which have been provided to defense counsel, and which are highlighted for your assistance in reviewing this material. The enclosed material also contains communications between the complaining witness and other members of the website. The People are asking the court to review the complaining witness's communications with other members of the dating website in an abundance of caution and are asking the Court to make a ruling about whether or not the material contained in these communications needs to be disclosed to the defense as either Brady or Giglio material.

It is the People's position that communications with other members of a dating website are not discoverable, as these communications are in no way connected to the investigation in this case and the People do not intend to introduce them at trial. See CPL §240.20. It is also the People's position that these communications do constitute Brady material, as they do not tend to shed any light on the defendant's guilt or innocence in the case at hand, nor do they constitute Giglio material. Were the Court to find that these communications were in some way Brady or Giglio material, it is the People's position that any communications between the complaining witness and other members of a dating website would not be admissible at trial pursuant to CPL §60.42, which governs the rules of evidence regarding the admissibility of a victim's sexual conduct in a sex offense case. The complainant's communications on a dating website with individuals unrelated to the pending criminal case would not fall within any of the enumerated exceptions contained within CPL §60.42 and would therefore be inadmissible.

Since these communications are not discoverable nor do they constitute Brady or Giglio material, and because they would be inadmissible at trial pursuant to CPL §60.42, it is the People's position that these communications should not be provided to the defense.

If you have any questions, please feel free to contact me at 212 335-9937.

Sincerely,

Kristen Baraiola
Assistant District Attorney
212 335-9937

cc: Alex Spiro
Brafman & Associates, P.C.
767 Third Avenue, 26th Floor
New York, NY 10017