SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM: PART 75

---------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK :Indictment No. 02720/2016

-against-

SANJAY TRIPATHY,

Defendant. :

---------------------------------------x

100 Centre Street
New York, New York 10013
November 22, 2022

B E F O R E: HONORABLE ROBERT MANDELBAUM
JUSTICE OF THE SUPREME COURT

A P P E A R A N C E S:

FOR THE PEOPLE:
ALVIN L. BRAGG, JR., ESQ.
New York County District Attorney
BY: SHALENA HOWARD, ESQ.
Assistant District Attorney

FOR THE DEFENDANT:
DAVID E. RUDDIN, ESQ.
152 West 57th Street
New York, New York

Melissa Sasso
Senior Court Reporter

THE CLERK: Calling calendar number seven from the Part 75 calendar, indictment number 2720 of 2016, Sanjay Tripathy.

Appearances, please.

MS. HOWARD: Good morning. For the Office of Alvin Bragg, Shalena Howard.

THE COURT: Good morning.

MR. RUDDIN: For the defendant, David Ruddin, R-U-D-D-I-N, 152 West 57th Street.

Good morning, Your Honor.

THE COURT: Good morning to you both. This is a motion to vacate the judgment as to which I received a response from the People indicating that the People are consenting to vacatur, having concluded that the defendant received ineffective assistance of counsel at trial, and also consenting to his being released on his own recognizance. He is currently in state prison. And the parties, as well as the Court, have both undertaken efforts to determine what the mechanism is for effectuating his release most expeditiously, and it appears an order issued by me to be served on both his facility and the Sentencing Review Unit of State Corrections is what needs to be done, and that is what we will do, but the case then will be restored to a pretrial posture, and I need a trial date from you both.

MS HOWARD: That's correct, Judge.

THE COURT: Have you discussed that?

MS. HOWARD: Yes. So after speaking with defense counsel and Sheryl Anania, who is the ADA that has handled this matter, we are asking for any date in January, if that works for the Court.

THE COURT: Sure. What date is good for you, Mr. Ruddin?

MR. RUDDIN: Your Honor, may we approach for a moment?

THE COURT: Yes.

(Off the record.)

THE COURT: All right, on consent of the People the conviction and sentence are vacated; the defendant is released on his own recognizance; the indictment is restored to a pretrial posture; and the matter is adjourned to Tap A for trial, February 6th.

MR. RUDDIN: Your Honor?

THE COURT: The People are to provide all discovery and file a Certificate of Compliance as quickly as possible, and certainly well in advance of the trial date.

Yes, Mr. Ruddin.

MR. RUDDIN: Your Honor, I would just like to say for the record that after we filed a 440 motion in this case, based on ineffective assistance of counsel, certain

disclosures were made to the defense which might have given rise to an additional motion. We have not made that motion, but we just wanted to make a record of the fact that on additional grounds that we could have raised to vacate the conviction, but we have not, to this date, made those.

THE COURT: Well, I don't know what you mean by "to this date," or why you are even pointing that out. Once the conviction is vacated, what relevance does that have?

MR. RUDDIN: It could be relevant to a subsequent motion.

THE COURT: A subsequent motion to vacate the conviction that has already been vacated?

MR. RUDDIN: No, not to --

THE COURT: A subsequent motion for what then?

MR. RUDDIN: A subsequent motion as to whether the People should be permitted to re-prosecute.

THE COURT: Okay, well, you can certainly bring that motion in Tap A, if it lies.

MR. RUDDIN: Yes, Judge.

MS. HOWARD: And just one more thing, Judge.

THE COURT: Yes.

MS. HOWARD: If the Court would issue an order of protection for the named complainant in this matter, please?

THE COURT: Yes.

MS. HOWARD: And I'll just write the date of

February 6th in for the Court.

THE COURT: Well, no, they are now issued for at least six months, and then extended as necessary.

MS. HOWARD: Okay.

THE COURT: They are not issued court date to court date to court date, as they used to be decades ago.

MS. HOWARD: Okay.

THE COURT: So the clerk will take care of that.

MS. HOWARD: Okay.

THE COURT: But, yes, I'm issuing an order of protection, and please let your client know about it since he was not produced, and not sought to be produced today.

And this is not a legitimate or lawful order, in any event, since it says stay away from the named person/complainant. You need a name of a person on this order, in which case I will issue -- okay, I have just been handed a different order, an order of protection requiring that the defendant stay away from Mette, M-E-T-T-E, Risdal, R-I-S-D-A-L.

He is not to go to that person's home, school, business, place of employment, not to get in touch with that person directly or through a third party, but instead to have no contact, whatsoever.

You'll notify your client of the existence of the order and serve a copy on him, and the case is adjourned to

February 6th.

MR. RUDDIN: Yes, Your Honor. And I will receive a copy?

THE COURT: Yes. And I have signed the order that we discussed, which the clerk of the court will transmit to and serve on State Corrections.

And I'm also, for your records, handing you each a copy of that order, as well, so that you are aware of the content of the order that is being issued, which I believe should suffice based on what we have been told is necessary in order to cause Corrections to expeditiously effect the defendant's release. It does include his NYSID number, date of birth, his DIN number, which we were all told would be necessary.

MR. RUDDIN: Thank you, Your Honor.

MS. HOWARD: Thank you, Judge.

THE COURT: Thank you, both. And if the record was not already clear, the motion to vacate is granted on consent of the People.

MS. HOWARD: Yes, thank you.

* * * *

Certified to be a true and accurate transcript of the stenographic minutes taken within.

Melissa Sasso

Melissa Sasso
Senior Court Reporter