SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br>SANJAY TRIPATHY,<br>Defendant. | SUPERIOR COURT INFORMATION<br>SCI No. 71584/24 |

I, ALVIN L. BRAGG, JR., District Attorney for the County of New York, by this information, accuse the defendant of the crime of **ASSAULT IN THE SECOND DEGREE**, in violation of Penal Law §120.05(1), committed as follows:

The defendant, in the County of New York, on or about June 15, 2016 to on or about June 16, 2016, with intent to cause serious physical injury to a person whose identity is known to the District Attorney's Office, caused such injury to such person.

ALVIN L. BRAGG, JR.
District Attorney

**SUPREME COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

**THE PEOPLE OF THE STATE OF NEW YORK**

**-against-**

**SANJAY TRIPATHY,**

**Defendant.**

**SUPERIOR COURT INFORMATION**

**Alvin L. Bragg, Jr.**
**District Attorney**
**New York County**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 23

THE PEOPLE OF THE STATE OF NEW YORK

-against-

SANJAY TRIPATHY

Defendant.

WAIVER OF INDICTMENT

SCI No. 71584/24

I hereby waive indictment and consent to be prosecuted by a Superior Court Information charging the following offense(s):

| | |
|---|---|
| Offense: | Assault in the Second Degree |
| Date and Time: | June 15, 2016 to June 16, 2016 from 10:30 PM until approximately 12:40 AM |
| Place: | Inside of 1567 Broadway |

I am aware that: (a) under the Constitution of the State of New York, I have the right to be prosecuted by indictment filed by a grand jury; (b) I waive such right and consent to be prosecuted by Superior Court Information to be filed by the District Attorney; (c) the Superior Court Information to be filed by the District Attorney will charge the offense(s) named in this written waiver; and (d) the Superior Court Information to be filed by the District Attorney will have the same force and effect as an indictment filed by a grand jury.

Signed in open court and in the presence of my attorney.

Defendant

This waiver was signed by the defendant in open court and in my presence.

Defendant's Attorney

I, Alvin L. Bragg, Jr., the District Attorney of New York County, hereby consent to this waiver.

by____________________
Shannon Lucey
Assistant District Attorney
(212) 335-9279

This Court being satisfied that this waiver complies with the provisions of CPL §195.10 and 195.20, it is ORDERED that this waiver is approved.

Date: Part 23 APR 1 7 2024

Justice of the Supreme Court

Hon. Ann Thompson

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 23

THE PEOPLE OF THE STATE OF NEW YORK

-against-

SANJAY TRIPATHY,

Defendant.

WAIVER OF RIGHT TO APPEAL

SCI # 71584/24

I hereby waive my right to appeal from this judgment of conviction. I understand that the right to appeal is separate and distinct from other rights automatically forfeited upon a plea of guilty, such as the right to remain silent, the right to confront one's accusers and the right to a jury trial.

I understand that I would ordinarily retain my right to appeal even after pleading guilty, but in this case, in exchange for the disposition I have been offered on this SCI, I agree to give up this right. I also understand that by waiving my right to appeal, I am giving up the right to raise on appeal a number of claims that I could otherwise raise even after a guilty plea. In particular, I understand that I am waiving my right to ask the Appellate Division to review the terms of the plea and to reduce my sentence on the ground that, although legal, the sentence is unduly harsh or severe. I also understand that I am waiving my right to appeal the denial of any motion I made to suppress evidence or to dismiss the case because the People were not ready for trial within the time period set forth by statute (CPL 30.30).

I understand that this waiver does not apply to any of the four following issues: a constitutional speedy trial claim; a challenge to the legality of the sentence promised by the judge; an issue as to my competency to stand trial; or the voluntariness of this waiver.

I execute and sign this waiver knowingly, intelligently and voluntarily after being advised by the Court and after consulting with my attorney, Joel Rudin, standing beside me. I have had a full opportunity to discuss these matters with my attorney and any questions I may have had have been answered to my satisfaction.

I have agreed to give up my appellate rights in exchange for a favorable disposition of this case.

I have agreed that my plea to this SCI is the product of lengthy discussions between me and my attorneys, that it is a plea that I, with the effective advice of said counsels, specifically requested rather than pleading guilty to a charge in Indictment Number 2720/2016. I am aware that the

charge in this SCI would normally be barred by the Statute of Limitations, but I am waiving any objection to that bar for the purpose of pleading guilty to the charge in this SCI.

I have agreed to waive rights not automatically covered by a guilty plea to this SCI, in exchange for this SCI plea offer. I am aware of my appellate rights, having fully discussed with my attorneys, and am waiving those rights in exchange for this SCI plea offer.

Defendant

Attorney for Defendant

4/11/24

Date

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

FELONY

-against-

Sanjay Tripathy (M 46),

Defendant.

ADA Shannon Lucey
(212)335-9279

3314518

Investigator Evelin Gutierrez, Shield # 155 of the DISTRICT ATTORNEY OFFICE, states as follows:

*The defendant is charged with:*

| | |
|---|---|
| PL 120.05(1) | Assault in the Second Degree<br>(defendant # 1 : 1 count) |

On or about June 15, 2016 at about 11:55 PM, inside 1567 Broadway; in the County and State of New York, the defendant, with intent to cause serious physical injury to another person, caused such injury to another person;

*The factual basis for this charge is as follows:*

I am informed by a person who is known to the District Attorney's Office, that said person observed the defendant strike her numerous times in her face and body causing her to suffer bruising, redness, swelling, and substantial pain to her person and created prolonged impairment of her health.

**False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.**

Evelin Gutierrez

Investigator Evelin Gutierrez

4/11/24
Date

10:27 AM
Time

# NEW YORK SUPREME CRIMINAL COURT

111 Centre Street, New York, NY 10013

**NO FEE**

**Non-Public Version**

Court ORI: NY030015J

The People of the State of New York
vs.
**Sanjay Tripathy**

**Certificate of Disposition**
Docket Number: SCI-71584-24/001

CJTN: 70669574P
NYSID: 13524574J

Defendant DOB: [redacted]

Arrest Date: **04/11/2024** Arraignment Date: **04/11/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Supreme Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Incident Date | Sentence Charge | Charge Description | Charge Weight | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|
| 1 | 06/15/2016 | PL 120.05 01 | Aslt W Int Caus Serious Ph Inj | DF | Pled Guilty | Conv: 04/11/2024 Sent: 04/11/2024 | • Imprisonment (1 days) |

**All fines, fees & surcharges imposed at sentence are paid in full.**

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **April 30, 2024**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Conviction charges may not be the same as the original arrest charges.