# EXHIBIT 16

*Updated Schedules A, B, C, and D*

*Tripathy v. City of New York*, et al., No. 1:25-cv-06465-AT-JW

## Purpose and Use of Exhibit 16

This exhibit sets out representative schedules supporting Plaintiff's municipal-liability allegations. Schedule A identifies adjudicated New York County District Attorney's Office ("NYCDAO") disclosure / Brady / Giglio / Rosario decisions issued before Plaintiff's May-June 2018 trial and is offered as antecedent notice for Plaintiff's Monell theory. Schedule B identifies selected trial-advocacy and summation-misconduct decisions offered as office-culture context. Schedule C identifies post-2018 institutional acknowledgments, PCJU vacaturs, and related conviction-integrity matters offered as corroboration, ratification, and institutional-admission evidence. Schedule D identifies legal authorities governing the schedules' use.

The schedules are representative, not exhaustive. Schedule A is the principal antecedent-notice schedule; Schedule B is contextual; Schedule C is post-trial corroboration; and Schedule D is doctrinal support. The schedules are pleaded for the limited purposes stated in the TAC and do not seek relief that depends on invalidating Plaintiff's 2024 SCI conviction.

### Schedule A — Adjudicated NYCDAO Disclosure Violations Decided Before Plaintiff's Trial

Use in TAC: antecedent notice for deliberate indifference, failure to train, failure to supervise, failure to discipline, and disclosure-management-system failures.

| # | Case | Citation | Date | Disclosure issue / relevance | Use in TAC |
|---|---|---|---|---|---|
| 1 | *People v. Sinha* | 84 A.D.3d 35 (1st Dep't 2011), aff'd, 19 N.Y.3d 932 (2012) | Apr. 7, 2011 | Late/incomplete disclosure of communications between prosecutors and complainant/mother with impeachment value; the decision put the Office on notice that ambiguity in complainant-related communications creates disclosure-management risk. | Antecedent notice/context of recurring impeachment-material disclosure disputes. |
| 2 | *People v. Ortiz* | 85 A.D.3d 588 (1st Dep't 2011) | June 23, 2011 | Original report contradicted a key prosecution witness and corroborated defendant's account; the nondisclosure implicated Brady material inconsistent with a fundamental aspect of the People's case. | Core antecedent notice of Brady disclosure failure affecting witness credibility and corroboration. |
| 3 | *People v. Rodriguez* | 93 A.D.3d 595 (1st Dep't 2012) | Mar. 29, 2012 | Reported First Department decision involving Rosario/disclosure issues in a New York County prosecution. | Antecedent notice of recurring disclosure-management issues. |
| 4 | *People v. Carusso* | 94 A.D.3d 529 (1st Dep't 2012) | Apr. 12, 2012 | Reported First Department decision involving disclosure/Rosario issues in a New York County prosecution. | Antecedent notice of recurring disclosure-management issues. |
| 5 | *People v. McCutcheon* | 96 A.D.3d 580 (1st Dep't 2012) | June 19, 2012 | Reported First Department decision involving Brady/disclosure issues in a New York County prosecution. | Antecedent notice of recurring Brady/disclosure issues. |
| 6 | *People v. Lee* | 116 A.D.3d 493 (1st Dep't 2014) | Apr. 10, 2014 | DD5/Rosario issue and Brady issue concerning hospital description inconsistent with defendant; the matter reflects disclosure-management failure involving records bearing on the defense. | Core antecedent notice; highly analogous to disclosure-management failure. |

| # | Case | Citation | Date | Disclosure issue / relevance | Use in TAC |
|---|---|---|---|---|---|
| 7 | *People v. Burgess* | 128 A.D.3d 530 (1st Dep't 2015) | May 19, 2015 | Co-defendant companion to Lee involving the same DD5/Brady/Rosario disclosure problem. | Core antecedent notice; paired office-notice entry with Lee. |
| 8 | *People v. Carter* | 128 A.D.3d 580 (1st Dep't 2015) | May 26, 2015 | Reported First Department decision involving Brady/Rosario or disclosure issues in a New York County prosecution. | Antecedent notice of recurring disclosure-management issues. |
| 9 | *People v. Ulerio* | 137 A.D.3d 629 (1st Dep't 2016) | Mar. 24, 2016 | Prosecution failed to disclose/clarify DA investigation into perjury complaint against arresting officers; the decision addresses office knowledge and impeachment disclosure. | Core antecedent notice on office knowledge and impeachment disclosure. |
| 10 | *People v. Satlin* | 142 A.D.3d 920 (1st Dep't 2016) | Sept. 29, 2016 | Defendant raised Brady/Rosario claims concerning materials outside the trial record; the disposition reflects disclosure issues arising within a New York County prosecution. | Supporting antecedent disclosure context. |
| 11 | *People v. Ramos* | 146 A.D.3d 443 (1st Dep't 2017) | Jan. 5, 2017 | Reported First Department decision involving disclosure issues in a New York County prosecution. | Antecedent notice of recurring disclosure-management issues. |
| 12 | *People v. Nelson* | 159 A.D.3d 570 (1st Dep't 2018) | Mar. 22, 2018 | Reported First Department decision issued before Plaintiff's May-June 2018 trial and involving disclosure issues in a New York County prosecution. | Antecedent notice before Plaintiff's trial. |

**Schedule B — Selected NYCDAO Trial-Advocacy / Summation Misconduct Context**

Use in TAC: context for the alleged conviction-driven office culture, supervisory tolerance, and lack of discipline. These entries supplement, but do not replace, the Schedule A disclosure-notice pattern.

| # | Case | Citation | Date | Misconduct / relevance | Use in TAC |
|---|---|---|---|---|---|
| 1 | *People v. Whaley* | 70 A.D.3d 570 (1st Dep't 2010) | Feb. 23, 2010 | Prosecutor characterized defense counsel's role as calling People's witnesses liars. | Office-culture context concerning trial-advocacy boundaries. |
| 2 | *People v. Padin* | 121 A.D.3d 628 (1st Dep't 2014) | Oct. 30, 2014 | Summation could be viewed as misstatement of law; curative instructions were found sufficient. | Office-culture context; not disclosure-specific. |
| 3 | *People v. Narvaez* | 125 A.D.3d 415 (1st Dep't 2015) | Feb. 3, 2015 | Improprieties in cross-examination/summation were challenged; mistrial was denied. | Office-culture context concerning supervisory tolerance of advocacy misconduct. |
| 4 | *People v. Singleton* | 139 A.D.3d 208 (1st Dep't 2016) | Apr. 19, 2016 | Prejudicial propensity evidence was admitted; the decision provides trial-misconduct context. | Office-culture context; relevant to supervision and discipline. |
| 5 | *People v. Melendez* | 140 A.D.3d 421 (1st Dep't 2016) | June 17, 2016 | Prosecutor used a laser pointer and argued trajectory/muzzle flash as unsworn expert material in summation. | Strong office-culture context concerning fair-trial risk and supervision. |

| # | Case | Citation | Date | Misconduct / relevance | Use in TAC |
|---|---|---|---|---|---|
| 6 | *People v. Hoey* | 145 A.D.3d 118 (1st Dep't 2016) | Nov. 1, 2016 | Improper government conduct and due-process issues were raised; the reversal addressed absence from Molineux/Ventimiglia proceedings. | Office-culture and due-process context. |
| 7 | *People v. Adams* | 151 A.D.3d 612 (1st Dep't 2017) | June 22, 2017 | Summation invited jury speculation about facts not in evidence; curative instruction was found sufficient. | Office-culture context before Plaintiff's trial. |
| 8 | *People v. Carter* | 176 A.D.3d 564 (1st Dep't 2019) | Oct. 22, 2019 | Burden-shifting comments were challenged; the court held curative instructions sufficient. | Post-trial corroborative context; not antecedent notice. |
| 9 | WSJ public reporting on Manhattan DA Sex-Crimes Unit lapses | Wall Street Journal public reporting, Sex-Crimes Unit's Lapses Trip Up Cases (July 5, 2011) | July 5, 2011 | Public reporting concerning Sex-Crimes Unit disclosure lapses, including delayed disclosure of surveillance/video material, documentary outtakes, and complainant-related communications in high-profile sex-crimes cases. | Pre-2018 public notice/context for Sex Crimes/Special Victims supervisory and disclosure-management failures; not offered as an adjudicated finding. |

### Schedule C — Post-2018 Institutional Acknowledgments, PCJU Vacaturs, and Corroboration

Use in TAC: post-trial corroboration, ratification, and institutional-admission evidence. These entries are offered as corroboration of systemic disclosure and conviction-integrity failures, not as antecedent notice unless separately supported by pre-trial records.

| # | Matter | Citation/source | Timing | Corroborating fact | Use in TAC |
|---|---|---|---|---|---|
| 1 | *People v. Tripathy* | N.Y. Sup. Ct., N.Y. Cty., Nov. 22, 2022; Exs. 11-12 | Own case | People consented to vacatur after conceding that suppressed SA.com messages prevented fair challenge to complainant credibility and created reasonable probability of non-conviction. | Case-specific causation, materiality, and institutional concession. |
| 2 | Muhammad Aziz & Khalil Islam (Malcolm X convictions) | N.Y. Sup. Ct., N.Y. Cty., Nov. 2021; public reporting | 1966 convictions vacated in 2021 | Reinvestigation found exculpatory evidence had been withheld by law enforcement; convictions were dismissed after decades. | Late-Vance-era institutional acknowledgment of suppressed exculpatory evidence. |
| 3 | Steven Lopez (Central Park Jogger-related conviction) | N.Y. Sup. Ct., N.Y. Cty., July 2022; public reporting | 1991 plea conviction vacated in 2022 | Conviction vacated after DA motion; public reporting states Lopez was charged/pleaded in the face of false statements, unreliable forensic analysis, and external pressure. | Bragg-era corroboration of wrongful-conviction review failures. |
| 4 | Eric Smokes & David Warren | N.Y. Sup. Ct., N.Y. Cty., Jan. 2024; AP/New Yorker reporting | 1987 murder convictions vacated in 2024 | PCJU reinvestigation uncovered evidence of witness pressure/coercion; prior office position opposed vacatur. | Corroborates CRU/PCJU contrast and conviction-integrity failure. |
| 5 | Jon-Adrian "J.J." Velazquez | N.Y. Sup. Ct., N.Y. Cty., Sept. 2024; Guardian/NYP reporting | 1999 murder conviction vacated/exoneration in 2024 | PCJU reinvestigation and DNA evidence undermined identification; Manhattan DA later consented after PCJU review. | Bragg-era corroboration and institutional-reform evidence. |
| 6 | PCJU institutional vacaturs / misconduct-related cases | Public statements reported by Guardian, Sept. 30, 2024 | 2022-2024 | DA Bragg reportedly stated that since PCJU's creation it had vacated 10 convictions through reinvestigations and 500 more related to law-enforcement members convicted of misconduct. | Corroborates systemic scale and institutional acknowledgment. |

| # | Matter | Citation/source | Timing | Corroborating fact | Use in TAC |
|---|---|---|---|---|---|
| 7 | Joseph Franco prosecution collapse | Public reporting; N.Y. Sup. Ct., N.Y. Cty. dismissal with prejudice | 2023 | Public reporting states that the Manhattan DA's Office failed on multiple occasions to turn over required discovery, the case was dismissed with prejudice, and the Office publicly discussed officewide responsibility and root-cause review. | Post-2018 corroboration and institutional acknowledgment of disclosure-management failures; not pleaded as antecedent notice. |

**Schedule D — Additional Legal Authorities Supporting the Use of Exhibit 16**

Use in TAC: governing legal authority for the schedules' Monell, Brady/Giglio, fabrication, and favorable-termination functions.

| Doctrine | Authority | Use in TAC |
|---|---|---|
| Monell final policymaker/management liability | | Municipal liability requires policy/custom, deliberate indifference, and moving-force causation; Connick is the defense limit but pattern evidence distinguishes it. |
| New York DA as municipal policymaker for management functions | *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992); *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019); *Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993) | Supports using disclosure-system training/supervision/discipline failures as City policy rather than prosecutorial case judgment. |
| Municipality cannot borrow individual immunity | *Owen v. City of Independence*, 445 U.S. 622 (1980); *Askins v. Doe No. 1*, 727 F.3d 248 (2d Cir. 2013); *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) | Even if individual prosecutors have absolute immunity, City Monell liability may remain where an underlying constitutional violation and policy causation are pleaded. |
| Disclosure/materiality authorities | *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995) | Defines favorable exculpatory/impeachment evidence and materiality; supports materiality of SA.com messages and witness-impeachment evidence. |
| Fabrication/fair-trial authorities | *Napue v. Illinois*, 360 U.S. 264 (1959); *Zahrey v. Coffey*, 221 F.3d 342 (2d Cir. 2000); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997); *Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016); *Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015) | Supports fair-trial/fabrication claims where false or misleading evidence is created, shaped, or forwarded for use in criminal proceedings. |
| Charge-specific malicious-prosecution/favorable termination | *Thompson v. Clark*, 596 U.S. 36 (2022); *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024); *Carruthers v. Colton*, 153 F.4th 169 (2d Cir. 2025); *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989); *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (2000) | Supports charge-by-charge favorable termination and distinguishes dismissals unrelated to later plea dispositions. |
| Persuasive New York prosecutorial-candor / grand-jury integrity authority | *People v. Greenspan*, Indict. No. 02758-2015 (Suffolk Cty. Sup. Ct.) | Persuasive authority concerning cumulative prosecutorial misconduct, failure to present or correct material witness impeachment information, and the prosecutor's duty of candor. Not pleaded as a grand-jury claim and not used as NYCDAO antecedent notice. |
| Persuasive New York Brady/Rosario / fair-trial misconduct authority | *People v. Lawrence*, Case No. 01095B-2012 (Suffolk Cty. Sup. Ct.) | Persuasive authority concerning Brady/Rosario failures, lost evidence, undisclosed witness benefits, and the prosecutorial duty to seek justice rather than conceal or manufacture it. Not used as NYCDAO antecedent notice. |